UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>ANTHONY RAY HAMMER,<br><br>               Defendant. | NO: 1:14-CR-2007-TOR<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 43). Defendant is proceeding *pro se*. Assistant United States Attorney Shawn N. Anderson represents the United States. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Court denies Defendant's Motion.

//

//

//

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

# BACKGROUND

On June 7, 2013, Defendant Anthony Ray Hammer was arrested in Selah, Washington following a report that he discharged a firearm at another person. The Selah Police Department, in its search incident to Defendant's arrest, found a Beretta 92 FS 9 mm semi-automatic pistol in Defendant's waistband, which contained 12 rounds of ammunition. The Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that the firearm and ammunition were manufactured outside of the State of Washington and thus had previously traveled in or affected interstate and/or foreign commerce. At the time of the incident, Defendant had four prior felony convictions, all under Wash. Rev. Code § 46.61.024.[1] Following his arrest and receipt of *Miranda* warnings, Defendant told the police he knew he was not allowed to possess a gun.

In January 2014, the United States filed a Complaint, and shortly thereafter an Indictment, with this Court, charging Defendant with Felon in Possession of Firearm, 18 U.S.C. § 922(g)(1). On February 11, 2014, a Grand Jury returned a Superseding Indictment against Defendant, charging him with Possession of a

---

[1] Attempt to Elude, Yakima County Superior Court, No. 97-1-01891-4; Attempt to Elude, Yakima County Superior Court, No. 00-1-01751-6; Attempt to Elude, Yakima County Superior Court, No. 03-1-00834-1; Attempt to Elude, Yakima County Superior Court, No. 08-1-02440-2.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 2

Firearm and Ammunition by a Prohibited Person in violation of 18 U.S.C.
§§ 922(g)(1) and 924(e).

Defendant entered into a written plea agreement and pled guilty to this charge on March 12, 2014, pursuant to Fed. R. Crim. P. 11(c)(1)(C).  ECF No. 32. In his plea agreement, Defendant acknowledged that he had been previously convicted of four felony offenses in Washington and was subject to the statutory penalties under the Armed Career Criminal Act ("ACCA").  The statutory penalties under the ACCA included a term of imprisonment of not less than fifteen years and a maximum of life.[2]

This Court sentenced Defendant on June 24, 2014.  ECF No. 41.  The Court imposed a 180-month term of imprisonment, 3 years of supervised release, a $1,000 fine, and a $100 special assessment, which was consistent with the parties' Rule 11(c)(1)(C) agreement.  *Id.*  By accepting the plea agreement, Defendant waived all rights to appeal, including his right to file any post-conviction motion attacking his conviction and sentence.  ECF No. 32 at 11.  Specifically, Defendant waived the right to bring motions pursuant to 28 U.S.C. § 2255, "except one based

---

[2] The presentence investigation report, which also documented Defendant's prior felony convictions, calculated a guideline sentencing range of 168 to 210 months, subject to a statutory mandatory minimum of 180 months of imprisonment.  ECF No. 37.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

upon ineffective assistance of counsel based on information not then known by

Defendant and which, in the exercise of due diligence, could not be known by

Defendant by the time the Court imposes the sentence." *Id.*

In the instant motion, Defendant moves to vacate, set aside, or correct his

sentence based on a claim of ineffective assistance of counsel.  ECF No. 43.

## DISCUSSION

### A. Motion to Vacate

A defendant in criminal proceedings has a constitutional right to effective

assistance of counsel.  U.S. Const. amend. VI.  A convicted defendant asserting

violation of his constitutional right to effective assistance of counsel must

demonstrate the following: (1) "that counsel's representation fell below an

objective standard of reasonableness ," and (2) "that there exists a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  *Kimmelman v. Morrison*, 477 U.S. 365,

374, 375 (1986) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).

To satisfy this standard, a defendant must show that counsel's representation was

"outside the wide range of professionally competent assistance" and that there is a

"probability sufficient to undermine confidence in the outcome."  *Hart v. Gomez*,

174 F.3d 1067, 1069 (9th Cir. 1999).  "Judicial scrutiny of counsel's performance

must be highly deferential."  *Strickland*, 466 at 689.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

1    Defendant moves the Court to set aside or correct his conviction based on a

2  claim of ineffective assistance of counsel.  According to Defendant, counsel

3  informed Defendant he would be facing a term of imprisonment ranging from 15

4  years to life under the ACCA but would get a life sentence when convicted if he

5  did not enter into the plea agreement.  ECF No. 43-1 at 4.  Defendant contends that

6  his sentence should not be subject to the ACCA.  *Id.* at 6.  Specifically, Defendant

7  contends three of his four prior convictions were under the pre-2003 version of

8  Washington's Attempting to Elude Police statute, Wash. Rev. Code § 46.61.024,

9  and thus do not meet the definition of a "violent felony" under the ACCA.  ECF

10  No. 46 at 1 (citing *United States v. Jennings*, 515 F.3d 980 (9th Cir. 2008)).   As

11  such, Defendant asserts his counsel's representation fell below the standard of

12  reasonableness when she advised Defendant to "take the deal" sentencing him to

13  15 years in federal prison even though the maximum sentence without application

14  of the ACCA would be 10 years.  *Id.* at 5-6.

15    1.  <u>Waiver of Right to Appeal</u>

16    As an initial matter, this Court finds Defendant waived his right to file the

17  instant motion.  Although Defendant bases his motion on a claim of ineffective

18  assistance of counsel, his motion provides no information that was not available to

19  Defendant before his sentencing.  The exception to waiver contained in his plea

20  agreement only includes motions based upon ineffective counsel "based on

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

information *not then known by Defendant and which, in the exercise of due diligence, could not be known by Defendant* by the time the Court imposed the sentence." ECF No. 32 at 11 (emphasis added). Both the plea agreement and presentence investigation report put Defendant on notice of the significance of his prior felony convictions, and he acknowledged the impact of these prior convictions before the Court imposed his current sentence. Therefore, the Court finds Defendant waived the right to file this appeal.

2. <u>Violent Felony Under the ACCA</u>

Even considering the substance of Defendant's motion proves futile in light of the Supreme Court's recent opinion in *Sykes v. United States*, 131 S. Ct. 2267 (2011). Although Defendant relies on *United State v. Jennings*, 515 F.3d 980 (9th Cir. 2008), to assert that his prior convictions—three of which were under the previous version of Washington's Attempting to Elude statute—were not violent felonies under the ACCA, this Court is bound by the Supreme Court's reasoning in *Sykes*.

The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element of use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, . . . or *otherwise involves conduct that presents a serious potential risk of physical injury to the person of another*." 18 U.S.C.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 6

§ 924(e)(2)(B) (emphasis added).  If the ACCA does not apply, the ordinary maximum sentence for a convicted felon in unlawful possession of a firearm is 10 years of imprisonment.  *Id.* § 924(a)(2).  However, if the ACCA does apply—that is, the defendant has three prior "violent felony" convictions—an armed defendant is subject to the 15-year mandatory minimum prison term imposed by the Act.  *Id.* § 924(e).

The Ninth Circuit, in *United States v. Jennings*, analyzed whether a conviction under the pre-2003 version of Washington's Attempting to Elude statute should be characterized as a violent felony under the catchall portion of the ACCA's definition.  515 F.3d 980.  Washington's pre-2003 version of the statute read as follows:

> Any driver of a motor vehicle who willfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a wanton or willful disregard for the lives or property of others while attempting to elude a pursuing police vehicle, after being give a visual or audible signal to bring the vehicle to a stop, shall be guilt of a class C felony.

Wash. Rev. Code § 46.61.024 (2002).  The Ninth Circuit concluded that a conviction under this statute does not constitute a violent felony under the ACCA because the statute does not require proof of any actual or potential risk of harm to another for conviction: "Washington's attempting to elude a pursuing police vehicle statute 'is missing an element of the generic crime'—here, the actual or

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 7

potential risk of harm to another—'altogether.'" *Jennings*, 515 F.3d at 993

(quoting *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007)).

Because a perpetrator could be convicted under the Washington statute for conduct

that "indicat[es] a wanton disregard for the . . . property of others," that is, conduct

that does not present a potential risk of harm to the *lives* of others, the Ninth

Circuit declined to categorize a conviction under the statute as a violent felony.

*See id.* at 989 n.9.

　　　The Washington legislature subsequently amended Wash. Rev. Code

§ 46.61.024 in 2003.  The current version reads as follows:

> Any driver of a motor vehicle who willfully fails or refuses to
> immediately bring his or her vehicle to a stop and who drives his or
> her vehicle in a reckless manner while attempting to elude a pursuing
> police vehicle, after being given a visual or audible signal to bring the
> vehicle to a stop, shall be guilty of a class C felony.

Wash. Rev. Code § 46.61.024 (2010) (omitting previous language requiring proof

of "a wanton or wilful disregard for the lives or property of others").

　　　Neither Washington's pre-2003 statute, nor its current version have any of

the elements set forth in 18 U.S.C. § 924(e)(2)(B)(i), nor is it one of the crimes

enumerated in section 924(e)(2)(B)(ii).  Accordingly, the issue is whether both

versions of the statute satisfy the ACCA's catchall definition of violent felony

under section 924(e)(2)(B)(ii), which characterizes conduct "that presents a serious

potential risk of physical injury to the person of another" as a violent felony.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 8

Although the Ninth Circuit directly addressed this issue with regards to the pre-2003 version of the statute, its decision in *Jennings* was without the benefit of the Supreme Court's reasoning in *Sykes v. United States*, 131 S.Ct. 2267 (2011)—controlling precedent to which this Court is bound.

In *Sykes*, the Supreme Court analyzed whether Indiana's Resisting Law Enforcement statute constituted a violent felony for purposes of the ACCA. 131 S.Ct. 2267. In granting certiorari, the Court aimed to settle a circuit split, which included the tension created by the Ninth Circuit's opinion in *Jennings*, regarding whether vehicle flight is a violent felony under the ACCA. *Id.* at 2272. Under Indiana law, the following conduct constitutes violation of the vehicle flight statute:

> (a) A person who knowingly or intentionally . . . (3) flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop; commits resisting law enforcement, a Class A misdemeanor, except as provided in subsection (b).

> (b) The offense under subsection (a) is a: (1) Class D felony if: (A) the offense is described in subsection (a)(3) and the person uses a vehicle to commit the offense; or (B) while committing any offense described in subsection (a), the person draws or uses a deadly weapon, inflicts bodily injury on another person, or operates a vehicle in a manner that creates a substantial risk of bodily injury to another person.

Ind. Code. § 35-44-3-3 (2004). The Supreme Court concluded that because vehicle flight, as defined in Indiana's statute, "presents a serious potential risk of physical

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 9

injury to another," it is a violent felony for purposes of the ACCA. *Id.* at 2273,
2277. The Court discussed the inherent risk of injury presented when a perpetrator
attempts to elude a pursuing officer, determining that such conduct posed a serious
potential risk of injury:

> When a perpetrator defies a law enforcement command by fleeing in a
> car, the determination to elude capture makes a lack of concern for the
> safety of property and persons of pedestrians and other drivers an
> inherent part of the offense. Even if the criminal attempting to elude
> capture drives without going at full speed or going the wrong way, he
> creates the possibility that police will, in a legitimate and lawful
> manner, exceed or almost match his speed or use force to bring him
> within their custody. A perpetrator's indifference to these collateral
> consequences has violent—even lethal—potential for others.

*Id.* at 2273. The Court's acknowledgement of the "collateral consequences" of
vehicle flight encompassed not only the danger posed to property, pedestrians, and
other drivers, but also the danger posed to police officers pursuing the fleeing
perpetrator. *Id.* at 2273-74.

> The attempt to elude capture is a direct challenge to an officer's
> authority. It is a provocative and dangerous act that dares, and in a
> typical case requires, the officer to give chase. The felon's conduct
> gives the officer reason to believe that the defendant has something
> more serious than a traffic violation to hide. . . . Because an accepted
> way to restrain a driver who poses dangers to others is through
> seizure, officers pursuing fleeing drivers may deem themselves duty
> bound to escalate their response to ensure the felon is apprehended . . .
> And once the pursued vehicle is stopped, it is sometimes necessary for
> officers to approach with guns drawn to effect arrest. *Confrontation*
> *with police is the expected result of vehicle flight. It places property*
> *and persons at serious risk of injury.*

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 10

1  *Id.* (emphasis added) (citation omitted).   The Supreme Court went on to compare

2  the risk of violence associated with vehicle flight to that of burglary and arson,

3  noting that both burglary and arson—crimes enumerated under the ACCA's

4  violent felony definition—pose less statistical risk than vehicle pursuits.   *Id.* at

5  2274-75.  Accordingly, the Court concluded that vehicle flight is properly

6  characterized as a violent felony under the ACCA's residual clause.  *Id.* at 2277.

7        The Supreme Court's reasoning in *Sykes*, when applied to both the pre-2003

8  and current versions of Washington's Attempting to Elude statute, commands but

9  one conclusion: attempting to elude a police officer in violation of Wash. Rev.

10  Code § 46.61.024 is a violent felony under the ACCA because of the serious risk

11  posed not only to pedestrians and other drivers, but also to pursuing police officers

12  who may engage in a violent confrontation with the fleeing perpetrator.  Although

13  the Court in *Jennings* envisioned a conviction under the pre-2003 statute which

14  would pose a risk of harm only to property, not the life of another, 515 F.3d at 989

15  n. 9, the Supreme Court in *Sykes* emphasized the risk of serious injury a typical

16  incident of vehicle flight not only poses to property, pedestrians, other drivers, but

17  also pursuing police officers, 131 S.Ct. at 2273-74.  Washington's pre-2003

18  Attempting to Elude statute, as well as its current version and the Indiana statute

19  analyzed in *Sykes*, all expressly include this element of "elud[ing]" or "flee[ing]"

20  from law enforcement, which the Supreme Court determined presents the risk of

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 11

violent confrontation and thus serious potential risk of injury to another.  Indeed, the Supreme Court's decision in *United States v. James*, 550 U.S. 192 (2007), cited in *Sykes*, reasoned that "the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential *risk* of injury to another," not whether there's a "metaphysical certainty" that someone will be injured.  *Id.* at 207-08 (emphasis added).  "As long as an offense is of a type that, by its nature, presents a serious potential risk of injury to another, it satisfies the requirements of § 924(e)(2)(B)(ii)'s residual provision."  *Id.* at 209.

The Tenth Circuit, in line with the Supreme Court's reasoning in *Sykes*, concluded that a conviction under the current version of Wash. Rev. Code. § 46.61.024 constitutes a violent felony under the ACCA's residual clause.  *United State v. Denson*, 488 Fed. App'x 314, 320-21 (10th Cir. 2012) (discussing the danger vehicle flight poses to the safety of property, pedestrians, other drivers, as well as the pursuing police officers).  Although the Ninth Circuit has not yet expressed its view on whether the current version of Washington's Attempting to Elude statute constitutes a violent felony under the ACCA, its recent line of cases following *Sykes* suggests that it would reach the same conclusion as that of the Tenth Circuit.  *See United States v. Martinez*, 771 F.3d 672 (9th Cir. 2014) (holding that a conviction for vehicle flight from a pursuing officer under California Vehicle Code § 2800.2 constitutes a violent felony under the ACCA's

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 12

residual clause); *United State v. Snyder*, 643 F.3d 694 (9th Cir. 2011) (holding that

a conviction for felony attempt to elude police under Oregon Revised Statute

§ 811.540(1) constitutes a violent felony under the ACCA's residual clause).

Indeed, the most recent Ninth Circuit opinion discussing the definition of violent

felony under the ACCA highlighted the reasoning in *Sykes* that "vehicle flight

from police inherently poses a serious potential risk to the safety of pedestrians and

other drivers, *as well as a risk of violent confrontation with police*."  *Martinez*, 771

F.3d at 676 (emphasis added).

At the time of Defendant's sentencing, he had four prior convictions of

Attempting to Elude Pursuing Police Vehicle under Washington State law, three of

which were under the pre-2003 version of the statute.  Pursuant to the Supreme

Court's reasoning in *Sykes*, as well as recent Ninth and Tenth Circuit opinions

following *Sykes*, each of these prior convictions qualifies as a violent felony under

the ACCA.  By attempting to elude pursuing officers in violation of Wash. Rev.

Code. § 46.61.024, Defendant's conduct "present[ed] a serious potential risk of

physical injury to the person of another."  Even under the previous version of the

statute, the risk of serious physical injury to the pursuing officer—a risk posed by

the nature of the offense, *see James*, 550 U.S. at 207-08—is sufficient to bring

Defendant's convictions within the reach of the ACCA's definition of violent

felony.  Thus, because all four of Defendant's prior convictions under Wash. Rev.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 13

Code § 46.61.024 presented a serious risk of injury to the pursuing police officer—if not also a serious risk of injury to pedestrians and other drivers—they are all properly categorized as violent felonies under the ACCA.

Accordingly, Defendant's four prior convictions were properly characterized as violent felonies under the ACCA in his Presentence Investigation Report and plea agreement, and the ultimate sentence imposed was appropriate given the ACCA's mandatory statutory term of imprisonment.  Consequently, defense counsel's advisement that Defendant accept the plea agreement, which provided a sentence in line with the ACCA's minimum mandatory 15-year prison term, did not fall "outside the wide range of professionally competent assistance," nor is there a "probability sufficient to undermine confidence" in the ultimate sentence imposed.  *See Hart v. Gomez*, 174 at 1069.  Accordingly, because Defendant has failed to demonstrate ineffective assistance of counsel, his Motion (ECF No. 43) is **DENIED**.

## B. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge.  28 U.S.C. § 2253(c)(1)(B).  A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right."  *See id.*

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 14

§ 2253(c)(2).  To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with the Court's resolution of his constitutional claim or conclude the issue presented deserves encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 43) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties.  The Court further certifies that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  This file and the corresponding civil file shall be **CLOSED**.

**DATED** February 3, 2015.

THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 15