UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY RAY HAMMER,<br><br>Defendant. | NO: 1:14-CR-2007-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA |

BEFORE THE COURT is Defendant's Motion to Withdraw Guilty Plea (ECF No. 87). Defendant is represented by Lee Edmond. Assistant United States Attorney Alvin L. Guzman represents the United States. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, the Court **DENIES** Defendant's motion.

## BACKGROUND

On June 7, 2013, Defendant Anthony Ray Hammer was arrested in Selah, Washington following a report that he discharged a firearm at another person. The Selah Police Department, in its search incident to Defendant's arrest, found a

ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA ~ 1

Beretta 92 FS 9 mm semi-automatic pistol in Defendant's waistband, which contained 12 rounds of ammunition. At the time of the incident, Defendant had four prior felony convictions, all under Wash. Rev. Code § 46.61.024.[1]

In January 2014, the United States filed a Complaint, and shortly thereafter an Indictment, with this Court, charging Defendant with Felon in Possession of Firearm, 18 U.S.C. § 922(g)(1). On February 11, 2014, a Grand Jury returned a Superseding Indictment against Defendant, charging him with Possession of a Firearm and Ammunition by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

Defendant entered into a written plea agreement and pled guilty to this charge on March 12, 2014, pursuant to Fed. R. Crim. P. 11(c)(1)(C). ECF No. 32. In his plea agreement, Defendant acknowledged that he had been previously convicted of four felony offenses in Washington and was subject to the statutory penalties under the Armed Career Criminal Act ("ACCA"). The statutory

---

[1] Attempt to Elude, Yakima County Superior Court, No. 97-1-01891-4; Attempt to Elude, Yakima County Superior Court, No. 00-1-01751-6; Attempt to Elude, Yakima County Superior Court, No. 03-1-00834-1; Attempt to Elude, Yakima County Superior Court, No. 08-1-02440-2.

ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA ~ 2

penalties under the ACCA included a term of imprisonment of not less than fifteen years and a maximum of life.[2]  Defendant's Plea Agreement specifically provided:

> The Defendant understands that this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(l)(C) and that the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon. The Defendant further understands that the Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence harsher than agreed upon.

ECF No. 32 at 3.  This Court sentenced Defendant on June 24, 2014.  ECF No. 41.  The Court imposed a 180-month term of imprisonment, 3 years of supervised release, a $1,000 fine, and a $100 special assessment, which was consistent with the parties' Rule 11(c)(1)(C) agreement.  *Id*.  By accepting the plea agreement, Defendant waived all rights to appeal, including his right to file any post-conviction motion attacking his conviction and sentence.  ECF No. 32 at 11.  Specifically, Defendant waived the right to bring motions pursuant to 28 U.S.C. § 2255, "except one based upon ineffective assistance of counsel based on information not then known by Defendant and which, in the exercise of due

---

[2] The presentence investigation report, which also documented Defendant's prior felony convictions, calculated a guideline sentencing range of 168 to 210 months, subject to a statutory mandatory minimum of 180 months of imprisonment.  ECF No. 37.

diligence, could not be known by Defendant by the time the Court imposes the sentence." *Id.*

Defendant later moved to vacate, set aside, or correct his sentence based on a claim of ineffective assistance of counsel. ECF No. 43. The Court denied Defendant's motion based on Defendant's waiver of his right to file such a motion and that under then existing law, Defendant's prior convictions warranted the sentence imposed. ECF No. 47.

Defendant appealed to the Ninth Circuit. While Defendant's appeal was pending, the Supreme Court decided *Johnson v. United States*, 135 S.Ct. 2551 (2015), which struck down the ACCA's crime of violence residual clause definition. The Supreme Court then decided *Welch v. United States*, ___ U.S. ___ 136 S.Ct. 1257 (2016), which determined that *Johnson's* holding applies retroactively to cases on collateral review.

The Defendant sought summary remand from the Ninth Circuit, but the Circuit denied remand without prejudice to filing a renewed motion accompanied by an indication that this Court was willing to entertain a motion to reconsider or otherwise reopen proceedings. ECF No. 56.

The Defendant filed a motion for an indicative ruling from this Court. ECF No. 57. The Government responded and affirmatively conceded that *Johnson* is a substantive, constitutional holding that is fully retroactive to ACCA cases and the

ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA ~ 4

United States had no objection to Defendant's motion. ECF No. 61. Having waived Defendant's habeas waiver, the Court issued an indicative ruling that it would entertain a motion to reconsider its denial of Defendant's motion to vacate, set aside, or correct Defendant's sentence. ECF No. 65. On May 9, 2016, the Ninth Circuit issued a limited remand to this Court to reconsider its denial of Defendant's motion to vacate, set aside, or correct his sentence. ECF No. 66.

Defendant then moved the Court to reconsider its denial of his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 43), pursuant to the recent Supreme Court rulings in *Johnson v. United States* and *Welch v. United States* and the government's concession that Defendant was eligible for resentencing. On May 18, 2016, this Court granted Defendant's motion to reconsider the denial of Defendant's § 2255 motion and set this matter for resentencing. ECF No. 69.

After a couple of continuances, this matter was finally set for resentencing on September 13, 2016. At the hearing, Defendant contended the Government breached the plea agreement by asking for an upward departure (84 months) from the amended guideline range calculated by the Probation officer (30-37 months). Defendant requested a high end of the guideline sentence and expressed that if the Court intended to impose a sentence above the guideline range, he should be allowed to withdraw from the Rule 11(c)(1)(C) plea in this case.

The Court once again continued the sentencing hearing and ordered the parties to brief the options available to the Court and whether Defendant maintained any right to withdraw from his guilty plea and demand a trial. The Defendant filed the instant motion to withdraw his plea, the Government opposes Defendant's motion.

## DISCUSSION

First, it must be recognized by which vehicle Defendant's case comes back before this Court. This is not an original sentencing, nor a remand from a direct appeal.[3] Defendant filed a collateral attack of his sentence through a 28 U.S.C. § 2255 petition. ECF No. 43. Specifically, Defendant contended that his sentence was illegal and that he should be resentenced. ECF Nos. 43 at 13; 43-1 at 6. Indeed, 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

While § 2255(b) provides other remedies, those remedies are applied as

---

[3] The Court rejects all the direct review cases cited by the parties as inapposite.

appropriate to those certain constitutional rights that have been denied or infringed. Defendant's § 2255 petition never claimed his plea was involuntary or that he was entitled to a trial, he only claimed his sentence was illegally excessive.

Defendant claims that without knowing the Supreme Court would declare the residual clause of the Armed Career Criminal Act unconstitutional, thereby reducing the statutory sentencing range from 15 years to life, to no more than 10 years, his plea was neither knowingly nor intelligently made. ECF No. 87 at 4-8. The Supreme Court, long ago, set forth the test to be applied in this regard.

> A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.

*Brady v. United States*, 397 U.S. 742, 757 (1970) (internal citation omitted). "We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions." *Id*.

Here, Defendant proffers precisely what the Supreme Court condemns as a reason to withdraw a guilty plea. Defendant claims there was a "mutual mistake as to an essential term, rendering the plea agreement null and void and mandating that Mr. Hammer be allowed to withdraw his plea of guilty." ECF No. 87 at 10. This Court administered the plea colloquy and is convinced Defendant's plea was knowingly, voluntarily and intelligently made with no reason to doubt Defendant's solemn admission of guilt was truthful. *See Brady*, 397 U.S. at 758 ("convinced that his plea was voluntarily and intelligently made and we have no reason to doubt that his solemn admission of guilt was truthful")

Defendant also claims that performance of the plea agreement is impossible, that the conditional nature of the Rule 11(c)(1)(C) plea allows him to withdraw, and that he has expressed a fair and just reason to withdraw. But none of those reasons are properly before the Court in this collateral proceeding, nor validly plead in this § 2255 action, nor remedies for which the holdings in *Johnson* and *Welch* endorse.

The Supreme Court's most recent pronouncement, in an analogous situation, is instructive as to the remedy available to the Court to correct the illegal sentence in this case. In *Freeman v. United States*, 564 U.S. 522 (2011), the Supreme Court considered whether a defendant sentenced under a Rule 11(c)(1)(C) agreement may be eligible for a sentence reduction under § 3582(c)(2). In ruling on that

ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA ~ 8

issue, the four-justice plurality made several observations that apply equally to the issue before this Court.[4]  Rule 11(c)(1)(C) permits the defendant and the prosecutor to agree that a specific sentence is appropriate, but that agreement does not discharge the district court's independent obligation to exercise its discretion. *Freeman*, 564 U.S. at 529.  Any bargain between the parties is contingent until the court accepts the agreement.  *Id*. at 529-30.  In rejecting the Government's argument that a statutory sentencing reduction would upset the bargain struck between the prosecutor and the defendant, the Court observed that its concern was overstated, reductions are infrequent, and the district court's authority is subject to significant constraints, including appellate review.  *See id.* at 531.  The *Freeman* plurality authorized resentencing, despite the Rule 11(c)(1)(C) binding plea agreement to the contrary, reasoning that:

> District judges have a continuing professional commitment, based on scholarship and accumulated experience, to a consistent sentencing policy. They can rely on the frameworks they have devised to determine whether and to what extent a sentence reduction is warranted in any particular case. They may, when considering a § 3582(c)(2) motion, take into account a defendant's decision to enter into an 11(c)(1)(C) agreement. If the district court, based on its experience and informed judgment, concludes the agreement led to a more lenient sentence than would otherwise have been imposed, it can deny the motion, for the statute permits but does not require the court

---

[4] *See United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016) (*en banc*), for a full discussion of the holding in this fractured Supreme Court decision.

>to reduce a sentence. This discretion ensures that § 3582(c)(2) does not produce a windfall.

*Id*. at 532. The plurality opinion reasoned that were sentencing reductions prohibited for these Rule 11(c)(1)(C) cases, it would create the very disparities the Sentencing Reform Act seeks to eliminate. *See id*. at 533. The Act aims to create a comprehensive sentencing scheme in which those who commit crimes of similar severity under similar conditions receive similar sentences. *Id.* (*citing* 18 U.S.C. § 3553(a)(6)).

Defendant is mistaken that he retains a right to withdraw from his plea agreement if the Court does not follow the binding recommendation of the parties. Defendant only retained the right to withdraw if the Court "imposes a sentence harsher than agreed upon." ECF No. 32 at 3. Defendant has no right to complain because his sentence will be 10-years or less, not the 15 years for which he previously bargained. Moreover, the Court reiterates that the prior 15-year sentence is illegal, not the voluntariness of Defendant's plea. The Court is constrained to provide a remedy no greater than necessary to alleviate the constitutional violation. *See* 28 U.S.C. § 2255(b) (the court shall implement remedies "as may appear appropriate"). This is especially true here, where years have passed since the original crime, memories have faded, and evidence may no longer be available.

ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA ~ 10

The Court distinguishes those few federal cases allowing the Government to re-institute dismissed charges in order to effectuate the rejected plea bargain. *See, e.g., United States v. Gibson*, 356 F.3d 761 (7th Cir. 2004) (direct appeal); *United States v. Greatwalker*, 285 F.3d 727 (8th Cir. 2002) (direct appeal); *United States v. Moulder*, 141 F.3d 568 (5th Cir. 1998) (§ 2255 proceeding); and *see* Annotation, *Plea Bargain-Illegal Sentence*, 87 A.L.R.4th 384 (1991 & Supp. 2001) (collecting mostly state cases). The Eighth Circuit in *Greatwalker* recognized that "[w]ithdrawal of the plea may be unnecessary when the agreed-on sentence exceeds the sentence authorized by law and the government accepts a sentence reduced to the legal term." *Id.* at 730 (*citing* 87 A.L.R.4th 384). That is precisely the case here.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Withdraw Guilty Plea (ECF No. 87) is **DENIED**.

2. The re-sentencing hearing scheduled for **October 11, 2016 at 1:00 p.m.** in Yakima, Washington, remains set.

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties.

**DATED** October 7, 2016.



THOMAS O. RICE
Chief United States District Judge